## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**YVETTE GRIFFIN, individually and
on behalf of others similarly situated,**

       **Plaintiff,**

**v.**


**CHW GROUP, Inc. d/b/a
CHOICE HOME WARRANTY,**

       **Defendant.**

**Civil Action No.
1:19-cv-05561-AT**


## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CERTAIN ALLEGATIONS FROM THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

RELEVANT ALLEGATIONS.................................................................3

APPLICABLE LEGAL STANDARDS ....................................................4

I.     FED. R. CIV. P. 12(B)(6): FAILURE TO STATE A CLAIM FOR
       RELIEF .......................................................................................4

II.    FED. R. CIV. P. 12(B)(1): LACK OF SUBJECT MATTER
       JURISDICTION (STANDING) ....................................................5

III.   FED. R. CIV. P. 12(F) AND 23: STRIKING IMPROPER CLASS
       ALLEGATIONS...........................................................................6

ARGUMENT ........................................................................................7

I.     THE COMPLAINT SHOULD BE DISMISSED UNDER RULE
       12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM UNDER THE
       TCPA ...........................................................................................7

       A.    Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability ........7

       B.    Plaintiff Fails to Plead Facts As to Vicarious TCPA Liability ..........10

       C.    Plaintiff Fails to Plead Facts Supporting Her Allegations As to
             Purported ATDS or Prerecorded Voice Use ...............................14

II.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO
       RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III
       STANDING ...............................................................................18

III.   ALTERNATIVELY, THE COURT SHOULD STRIKE
       PLAINTIFF'S CLASS ALLEGATIONS UNDER RULES 12(F)
       AND 23 ......................................................................................21

       A.    Plaintiff's Proposed Class Definition is Facially Overbroad............21

       B.    Common Questions of Law and Fact Do Not Predominate .............22

CONCLUSION ...................................................................................25

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abramson v. 1 Glob. Capital, LLC*,
2015 WL 12564318 (S.D. Fla. Sept. 23, 2015) ..................................................12

*Alan v. BrandRep, Inc.*,
2016 WL 10988679 (C.D. Cal. Nov. 28, 2016) ................................................25

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................4

*Augustin v. Santander Consumer USA, Inc.*,
43 F. Supp. 3d 1251 (M.D. Fla. 2012) ..............................................................10

*Balthazor v. Cent. Credit Servs., Inc.*,
2012 WL 6725872 (S.D. Fla. Dec. 27, 2012)....................................................24

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ...................................................13

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019).......................................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................4

*Black v. Centurion Capital Corp.*,
2007 WL 81828 (N.D. Ga. Jan. 4, 2007)............................................................5

*Bonanno v. New Penn Fin., LLC*,
2017 WL 3219517 (M.D. Fla. July 28, 2017) ...................................................16

*Bridge v. Credit One Fin.*,
294 F. Supp. 3d 1019 (D. Nev. 2018)................................................................23

*Chester v. Bank of Am.*,
2014 WL 12117966 (N.D. Ga. May 7, 2014), *report and rec.*
*adopted*, 2014 WL 12284023 (Aug. 28, 2014)...................................................5

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) ..............................................10, 13

*Cobb Theatres III, LLC v. AMC Entm't Holdings, Inc.*,
101 F. Supp. 3d 1319 (N.D. Ga. 2015)................................................................9

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ........................................................................19

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Cunningham v. Lifestyles Dev., LLC*,
   2019 WL 4282039 (E.D. Tex. Aug. 8, 2019), *report and rec.
   adopted*, 2019 WL 4277507 (Sept. 10, 2019)......................................................13

*Cunningham v. Sunshine Consult. Grp.*,
   2018 WL 3496538 (M.D. Tenn. Jul. 20, 2018)...................................................13

*Curry v. Synchrony Bank*,
   2015 WL 7015311 (S.D. Miss. Nov. 12, 2015)...................................................16

*Davila v. Delta Air Lines, Inc.*,
   326 F.3d 1183 (11th Cir. 2003) .............................................................................5

*Dorfman v. Albertson's LLC*,
   2020 WL 86192 (D. Idaho Jan. 7, 2020) ............................................................23

*Earnest v. Gen. Motors Corp.*,
   923 F. Supp. 1469 (N.D. Ala. 1996).............................................................7, 22

*Echeverria v. Bank of Am., N.A*,
   2014 WL 11369472 (M.D. Fla. Nov. 14, 2014), *aff'd sub nom.* 632
   F.App'x 1006 (11th Cir. 2015) ..............................................................................4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S.
   517 (1994) ..............................................................................................................6

*Fisher v. Alarm.com Hldgs, Inc.*,
   2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) .......................................................13

*Flynn v. DIRECTV, LLC*,
   2016 WL 4467885 (D. Conn. Aug. 23, 2016) ....................................................25

*Franklin v. Upland Software, Inc.*,
   2019 WL 433650 (W.D. Tex. Feb. 1, 2019) .......................................................13

*Freidman v. Massage Envy Franchising LCC*,
   2013 WL 3026641 (S.D. Cal. June 13, 2013) ...............................................13, 20

*Gene and Gene LLC v. BioPay LLC*,
   541 F.3d 318 (5th Cir. 2008) ...............................................................................25

*GeorgiaCarry.Org, Inc. v. Georgia*,
   687 F.3d 1244 (11th Cir. 2012) .............................................................................4

## TABLE OF AUTHORITIES
### (continued)

Page

*Gill v Navient Solutions, LLC*,
  2018 WL 7412717 (M.D. Fla. Aug. 7, 2018) ....................................................16

*Gould v. Case Western Reserve Univ.*,
  369 F. Supp. 2d 915 (N.D. Ohio 2005) ...............................................................5

*Gulden v. Consol. World Travel Inc.*,
  2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ......................................................14

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................22

*Herrera v. JFK Med. Ctr. Ltd. P'ship*,
  648 F. App'x 930 (11th Cir. 2016) .......................................................................6

*Hirsch v. Lyndon S. Ins. Co.*,
  2019 WL 5110622 (M.D. Fla. June 7, 2019) .............................................12, 14

*Holland v. Sebelius*,
  2015 WL 13691436 (N.D. Ga. May 12, 2015) .....................................................6

*Hurley v. Messer*,
  2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) ......................................................8

*In re Monitronics Int'l, Inc., TCPA Litig.*,
  223 F. Supp. 3d 514 (N.D. W.Va. 2016), *aff'd sub nom.*, 885 F.3d
  243 (4th Cir. 2018)..............................................................................12, 13, 14

*In re Tri-State Crematory Litig.*,
  215 F.R.D. 660 (N.D. Ga. 2003) ........................................................................22

*Jackson v. Bank of N.Y. Mellon*,
  2016 WL 4942085 (S.D. Ala. July 19, 2016), *report and rec.*
  *adopted*, 2016 WL 4942012 (Sept. 15, 2016).....................................................16

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) ................................................................................6

*Jones v. Royal Admin. Servs., Inc.*,
  866 F.3d 1100 (9th Cir. 2017) ............................................................................11

*Jones v. Royal Admin. Servs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ...........................................................11, 12, 13, 14

## TABLE OF AUTHORITIES
### (continued)

Page

*Joseph v. ARS Nat'l Servs.*, *Inc.*,
　2014 WL 12774686 (N.D. Ga. Feb. 21, 2014), *report and rec.*
　*adopted*, 2014 WL 12860039 (Mar. 14, 2014)..............................................8, 15

*Kristensen v. Credit Payment Servs. Inc.*,
　2015 WL 4477425 (D. Nev. July 20, 2015), *aff'd*, 879 F.3d 1010
　(9th Cir. 2018)..............................................................................................13

*Lawson v. Life of the S. Ins. Co.*,
　286 F.R.D. 689 (M.D. Ga. 2012)..............................................................6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
　134 S. Ct. 1377 (2014)..............................................................................19

*Licari Family Chiropractic Inc. v. eClinical Works, LLC*,
　2019 WL 7423551 (M.D. Fla. Sept. 16, 2019)..............................................22

*Linlor v. Five9, Inc.*,
　2017 WL 5885671 (S.D. Cal. Nov. 29, 2017)..............................................12, 13

*Lowe v. Dallas Police Dep't*,
　2017 WL 4863076 (N.D. Tex. Oct. 17, 2017), *report and rec.*
　*adopted*, 2017 WL 4838980 (Oct. 26, 2017)..............................................17

*Lucas v. Telemarketer Calling from (407) 476-5680*,
　2019 WL 3021233 (6th Cir. May 29, 2019)..............................................8

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992)..............................................................................6, 18

*Magluta v. Samples*,
　256 F.3d 1282 (11th Cir. 2001)..............................................................17

*McGinity v. Tracfone Wireless, Inc.*,
　5 F. Supp. 3d 1337 (M.D. Fla. 2014)..............................................16

*Meeks v. Buffalo Wild Wings, Inc.*,
　2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)..............................................12, 13

*Melito v. Am. Eagle Outfitters, Inc.*,
　2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)..............................................13

*Mesa v. Am. Express Educ. Assurance Co.*,
　2017 WL 2212147 (S.D. Fla. May 18, 2017)..............................................16

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Monteferrante v. Williams–Sonoma, Inc.*,
241 F. Supp. 3d 264 (D. Mass. 2017).............................................................7, 22

*MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*,
755 F. Supp. 2d 1205 (M.D. Fla. 2010)................................................................7

*N.A. v. Inabinett*,
2006 WL 219953 (M.D. Ala. Jan. 27, 2006)......................................................25

*NAACP v. Hunt*,
891 F.2d 1555 (11th Cir. 1990) ..........................................................................25

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019)....................................................10

*Naiman v. TranzVia LLC*,
2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)................................................11, 13

*Padilla v. Whetstone Partners, LLC*,
2014 WL 3418490 (S.D. Fla. July 14, 2014) .....................................................16

*Panacci v. A1 Solar Power, Inc.*,
2015 WL 3750112 (N.D. Cal. June 15, 2015)....................................................13

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ......................................................8

*Pepka v. Kohl's Dep't Stores, Inc.*,
2016 WL 8919460 (C.D. Cal. Dec. 21, 2016)................................................7, 23

*Powell v. YouFit Health Clubs LLC*,
2019 WL 926048 (S.D. Fla. Feb. 22, 2019) .......................................................24

*Reo v. Caribbean Cruise Line, Inc.*,
2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)..............................................13, 16

*Ridge At Red Hawk, L.L.C. v. Schneider*,
493 F.3d 1174 (10th Cir. 2007) ...........................................................................5

*Salcedo v. Hanna*,
936 F.3d 1162 (11th Cir. 2019) ............................................................2, 18, 19

*Sliwa v. Bright House Networks, LLC*,
2019 WL 4744938 (M.D. Fla. Sept. 27, 2019)...................................................24

*Spokeo Inc. v. Robins*
136 S. Ct. 1540 (2016).........................................................................................18

## TABLE OF AUTHORITIES
### (continued)

Page

*Trenz v. On-Line Adm'rs, Inc.*,
  2017 WL 3084158 (C.D. Cal. Apr. 26, 2017) ....................................................23

*Trumper v. GE Capital Retail Bank*,
  2014 WL 7652994 (D.N.J. July 7, 2014) ..........................................................16

*Vessal v. Alarm.com*,
  2017 WL 4682736 (N.D. Ill. Oct. 18, 2017) ....................................................8, 9

*Walewski v. Zenimax Media, Inc.*,
  502 F.App'x 857 (11th Cir. 2012) ....................................................................21

*Warciak v. Subway Restaurants, Inc.*,
  2019 WL 978666 (N.D. Ill. Feb. 28, 2019) ...................................................8, 13

*Weaver v. Wells Fargo Bank N.A.*,
  2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) ..................................................16

*Wilson v. Badcock Home Furniture*,
  329 F.R.D. 454 (M.D. Fla. 2018) .....................................................................25

*Young v. Bellsouth Telecomm., Inc.*,
  2001 WL 36260499 (S.D. Fla. Sept. 25, 2001) .................................................17

### STATUTES

47 U.S.C. § 227(a)(1).........................................................................................15

47 U.S.C. § 227(b)(1)(A).....................................................................................22

47 U.S.C. § 227(b)(1)(A)(iii).............................................................................7, 8

47 U.S.C. § 227(b)(1)(B) .....................................................................................8

### OTHER AUTHORITIES

47 C.F.R. § 64.1200(a)(1) .....................................................................................8

47 C.F.R. § 64.1200(a)(2) .....................................................................................8

2 MOORE'S FEDERAL PRACTICE, § 12.34[6][a] (Matthew Bender 3d ed.)...................25

5 Wright & Miller, FED. PRAC. & PROC. § 1382 (1990)), *rev'd on other grounds,* 510 U.S. 517 (1994) ...............................................................6

7A Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005) .......................21

https://www.allareacodes.com/234 (last visited Jan. 8, 2020)..................................9

United States Constitution, Article III ..............................................................passim

## TABLE OF AUTHORITIES
### (continued)

**Page**

## RULES

Fed. R. Civ. P. 12(b)(1)..........................................................................passim

Fed. R. Civ. P. 12(b)(6)..........................................................................passim

Fed. R. Civ. P. 12(f)..............................................................................passim

Fed. R. Civ. P. 23....................................................................................3

Fed. R. Civ. P. 23(b)(3)..........................................................................22

Fed. R. Civ. P. 23(c)(1)(A)......................................................................6

Fed. R. Evid. 201(b)................................................................................9

Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("CHW"), respectfully moves (i) to dismiss the Complaint (Dkt. 1, "Complaint" or "Compl.") filed by Plaintiff Yvette Griffin ("Plaintiff") in this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and/or Fed. R. Civ. P. 12(b)(1) for failure to meet the requirements for standing under Article III of the United States Constitution, or (ii) to strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 12(f) and 23.   In support, CHW submits the following incorporated memorandum of law.

## INTRODUCTION

The Complaint does little more than allege, in a conclusory fashion and without supporting facts, that CHW violated the Telephone Consumer Protection Act ("TCPA").  Plaintiff bases this claim solely on her alleged receipt of a ***single phone call*** to her cellular phone made by someone using an "automatic telephone dialing system" ("ATDS") and/or a "prerecorded voice" to call her without her consent. However, merely regurgitating the legal elements of a cause of action without supporting facts, as Plaintiff has done here, does not satisfy federal pleadings standards.  Thus, the Complaint should be dismissed for at least the following reasons:

**First**, the Complaint should be dismissed under Rule 12(b)(6) because Plaintiff fails to sufficiently allege a claim under the TCPA or facts to support such a claim. Indeed, Plaintiff provides virtually no detail about the alleged call, let alone sufficient

facts supporting her conclusory allegations that (i) it was physically placed by CHW, as is required for direct TCPA liability, or (ii) CHW had an agency relationship with or control over any responsible third parties, as is required for vicarious TCPA liability. These failings alone warrant dismissal of the entire Complaint.

**Second**, the Complaint is likewise devoid of any facts supporting Plaintiff's conclusory allegations that the one call she supposedly received was initiated by someone using an ATDS or involved a prerecorded voice. Instead, Plaintiff merely parrots the statutory language of the TCPA without a single supporting fact, which is plainly insufficient to state a plausible claim under federal pleading standards.

**Third**, in addition, or in the alternative, to dismissal under Rule 12(b)(6), the Court should dismiss the Complaint under Rule 12(b)(1) for lack of federal subject matter jurisdiction because Plaintiff cannot meet any of the requirements for Article III standing—*i.e.*, an "injury in fact," causation, or redressability. In this regard, the Eleventh Circuit recently held[1] that a single alleged text message (or, here, one alleged call) does not constitute sufficient injury for Article III standing under the TCPA. Plaintiff also does not plead facts tracing the alleged unlawful conduct or her harm to any act by CHW, and CHW cannot redress harm caused by unknown third parties.

Finally, while the entire Complaint is ripe for dismissal on these multiple

---

[1] *See generally Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019).

grounds, the class allegations are so facially improper and inadequate that the class is uncertifiable as plead.  Thus, they should be stricken at the pleadings stage under Rules 12(f) and 23 before the parties and Court waste needless effort in discovery.

## RELEVANT ALLEGATIONS

According to Plaintiff, CHW "offers service contracts to consumers nationwide."  Compl. ¶ 21.  In this case, Plaintiff alleges that CHW "called [her] on her cellular telephone with a pre-recorded message" at some unspecified time on October 25, 2019.  *Id.* ¶ 27.  Plaintiff further alleges that the "number used to make the call was (234) 208-4547" per her Caller ID display, and that "[t]he purpose of the calls [*sic*] was to sell CHW Group's services to [her] for a fee."  *Id.* ¶¶ 28, 36.  She also alleges that, at some unspecified point ***subsequent*** to this call, "'Mello Baker' from Defendant sent [her] an email," which is not attached to the Complaint but which she posits somehow "[c]onfirm[s] that CHW Group made the call." *Id.* ¶ 29.

The foregoing represents the ***sum total*** of Plaintiff's "factual" allegations in the Complaint.  What remains is a laundry list of conclusory, disjointed, and formulaic allegations, each giving short shrift to the legal elements of her TCPA claim and woefully lacking in requisite supporting facts, and many of which appear to have been recycled from numerous other cookie cutter TCPA complaints filed in various federal districts by Plaintiff and her counsel (on her behalf and on behalf of other plaintiffs)

against unrelated defendants.[2]  *See, e.g., id.* ¶¶ 1-4, 10-20, 22-25, 30-58.

## APPLICABLE LEGAL STANDARDS

### I.    Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief

Rule 12(b)(6) provides for dismissal where a plaintiff has failed to state a claim

upon which relief can be granted.  Legal claims mandate pleading sufficient facts.  *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  A "bare assertion" and

"conclusory allegations" will not suffice.  *Id.*  A "formulaic recitation of the elements"

of a claim is likewise insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Instead, Plaintiff must "include factual allegations for each essential element of … her

claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

Moreover, while the Court must generally accept well-plead factual allegations

as true, "conclusory allegations, unwarranted factual deductions or legal conclusions

---

[2] In fact, Plaintiff and her counsel filed a starkly similar *pro forma* TCPA class action
complaint against three other defendants in another district just last summer.  *See* Case
No. 4:19-cv-00009-CDL, M.D. Ga., Dkt. 24.  And the lead law firm representing
Plaintiff in this case has filed starkly similar, if not virtually identical, TCPA class
action complaints on behalf of other clients seemingly in every federal district,
including in this Court, many of which contain nearly all (if not all) of the same
conclusory allegations plead against CHW here.  *See, e.g.*, No. 1:19cv-04381-LLM,
N.D. Ga., Dkt. 1; No. 4:19-cv-00858-KGB, E.D. Ark., Dkt. 1; No. 6:19-cv-03371-
MDH, W.D. Mo., Dkt. 1; No. 6:19-cv-03283-BHH, D.S.C., Dkt. 1; No. 1:19-cv-
06745, N.D. Ill., Dkt. 1.  *See also Echeverria v. Bank of Am., N.A*, 2014 WL
11369472, at *1, n.1 (M.D. Fla. Nov. 14, 2014), *aff'd sub nom.* 632 F.App'x 1006
(11th Cir. 2015) (the Court "may take judicial notice of the public record including
documents filed and the record in other judicial proceedings" under Rule 12(b)(6)).

masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). *See also Chester v. Bank of Am.*, 2014 WL 12117966, at *5 (N.D. Ga. May 7, 2014), *report and rec. adopted*, 2014 WL 12284023 (Aug. 28, 2014) ("Plaintiff's conclusory allegations are speculative, unsupported legal conclusions devoid of factual enhancement, and thus are not properly accepted as true."); *Black v. Centurion Capital Corp.*, 2007 WL 81828, at *2 (N.D. Ga. Jan. 4, 2007) (quoting *Gould v. Case Western Reserve Univ.*, 369 F. Supp. 2d 915, 917 (N.D. Ohio 2005)) ("A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements."). Thus, the Complaint "must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims" to avoid dismissal. *Ridge At Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

## II.    Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction (Standing)

Rule 12(b)(1) provides that a complaint is properly dismissed where there is a lack of subject matter jurisdiction. In this regard, Article III of the United States Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. In order to establish standing under Article III to bring a claim in federal court, (i) a plaintiff must have suffered an "injury in fact," (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.*, causation),

and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.*, redressability).  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

## III.   Fed. R. Civ. P. 12(f) and 23: Striking Improper Class Allegations

Under Rule 12(f), courts may strike "any redundant, immaterial, impertinent, or scandalous matter" from pleadings. "Immaterial" matter "has no essential or important relationship to the claim for relief … being pleaded," and "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, FED. PRAC. & PROC. § 1382 (1990)), *rev'd on other grounds,* 510 U.S. 517 (1994).  *See also Holland v. Sebelius*, 2015 WL 13691436, at *4, n.2 (N.D. Ga. May 12, 2015) (citing *Fantasy* with approval).  Further, courts must address class certification "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).

In this regard, class allegations may be properly stricken at the pleadings stage pursuant to Rules 12(f) and 23 where, as here, "it is facially apparent from the pleadings that there is no ascertainable class." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).  *See also Herrera v. JFK Med. Ctr. Ltd. P'ship,* 648 F. App'x 930, 934 (11th Cir. 2016) (recognizing that "it is sometimes possible to decide the propriety of class certification from the face of the complaint"); *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 701 (M.D. Ga. 2012) (striking class allegations where

pleadings did not indicate, and discovery would not prove, that a class action could be certified); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries"); *Monteferrante v. Williams–Sonoma, Inc.,* 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("a court may strike class allegations that plainly encompass individuals whose claims are barred"); *Earnest v. Gen. Motors Corp.,* 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (granting motion to strike class definition that was overly "broad, amorphous, and vague").

## **ARGUMENT**

## I.     **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM UNDER THE TCPA.**

As shown below, the Complaint is devoid of facts supporting Plaintiff's TCPA claim against CHW and, instead, it relies almost exclusively on threadbare legal conclusions and speculation, which are plainly insufficient under Rule 12(b)(6).

### A.     **Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability.**

In pertinent part, the TCPA prohibits "mak[ing] any call" to a cell phone using an ATDS or an artificial or prerecorded voice without prior express consent.  47

U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1)&(2).  Put another way, to state a TCPA claim and avoid dismissal here, Plaintiff must plausibly allege with supporting facts that (1) CHW called her cellular telephone number; (2) without her "prior express consent"; (3) using an ATDS (a.k.a., an "autodialer") or an artificial or a pre-recorded voice.  *See*, *e.g.*, *Joseph v. ARS Nat'l Servs., Inc.*, 2014 WL 12774686, at *5 (N.D. Ga. Feb. 21, 2014), *report and rec. adopted*, 2014 WL 12860039 (Mar. 14, 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii)).  In this case, Plaintiff's Complaint does not plead ***any*** facts supporting these elements and, thus, it should be dismissed.

To begin, only the person or entity who takes the steps necessary to ***physically place*** a call "makes" or "initiates" that call within the meaning of the TCPA and can be subject to direct TCPA liability.  *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *4–6 (6th Cir. May 29, 2019); *Warciak v. Subway Restaurants, Inc.*, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019); *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2-5 (N.D. Cal. Oct. 16, 2019); *Hurley v. Messer*, 2018 WL 4854082, at *3 (S.D.W.Va. Oct. 4, 2018); *Vessal v. Alarm.com*, 2017 WL 4682736, at *2 (N.D. Ill. Oct. 18, 2017).[3]  Thus, federal courts have

---

[3] While the TCPA's cell phone provision uses the phrase "make any call," whereas the TCPA's residential (*i.e.,* landline) provision, which is not applicable here, uses the phrase "initiate any telephone call" (47 U.S.C. § 227(b)(1)(B)), federal courts evaluating direct TCPA liability claims, like those cited above, have uniformly held that "make" or "initiate" under either provision means to "physically place" the call.

consistently rejected direct TCPA liability claims, like Plaintiff's, lacking supporting facts regarding the initiation of the calls at issue. *Id.* This Court should too.

At best, Plaintiff's Complaint in this case vaguely alleges (or, rather, concludes without factual support) that: (i) CHW "called [Plaintiff] on her cellular telephone with a pre-recorded message" once; (ii) that call was made by someone using a (234) area code; (iii) the "purpose of the call[] was to sell CHW Group's services" of some kind; and (iv) she received an email, which is not attached to or described in the Complaint, from someone named "Mello Baker" at some point *after* the call. Compl. ¶¶ 27-29, 36. Yet Plaintiff pleads no facts connecting the one alleged call to CHW beyond these bald conclusions. In fact, Plaintiff provides almost *zero detail* about the one call at issue—let alone facts about the substance of the "message" she heard, how the call was initiated, or by whom—from which it could be reasonably inferred that CHW itself, as opposed to some unknown "agents" or other "third party acting on [its] behalf" (Compl. ¶¶ 43, 51), physically placed it as required for direct TCPA liability.[4]

In short, Plaintiff's conclusory allegations fail to satisfy well-established federal

---

[4] As just one example, Plaintiff alleges CHW is a *New Jersey* corporation located in New Jersey (*see id.* ¶ 6), but does <u>not</u> allege CHW owned or controlled the number with the (234) area code—which is an *Ohio area code*—purportedly used to call her. *See* https://www.allareacodes.com/234 (last visited Jan. 8, 2020). *See also Cobb Theatres III, LLC v. AMC Entm't Holdings, Inc.*, 101 F. Supp. 3d 1319, 1329 (N.D. Ga. 2015) (taking judicial notice of information from the internet under Fed. R. Evid. 201(b) for Rule 12(b)(6) purposes). This omission is telling and belies her claim.

pleading standards.  *See* discussion at pp. 4-5, *supra*.  Because the Complaint does not allege that CHW physically placed the call at issue, this Court should follow the weight of federal authority cited above and herein holding that such TCPA claims should be dismissed under Rule 12(b)(6).  *See also Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (dismissing pursuant to Rule 12(b)(6), in part, where there were "no facts from which the Court could infer that an employee of [defendant physically] made the calls"); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (dismissing where "there [were] no factual allegations that [d]efendant actually made the [prerecorded] telephone call at issue" and holding that "[t]he mere conclusion that the [ATDS] responsible for the call belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call to [p]laintiff's cell phone" as required for direct TCPA liability); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an [ATDS], without any dates, details or identifying phone numbers, is not supported by case law.").

### B.    **Plaintiff Fails to Plead Facts As to Vicarious TCPA Liability.**

Given the sparse factual allegations in the Complaint, it is unclear whether

10

Plaintiff alleges that CHW is directly or vicariously liable under the TCPA, or perhaps both. *See* Compl. ¶¶ 43, 51 (speculating that the call at issue could have been made by unknown "agents" or "third part[ies] acting on [CHW's] behalf"). To the extent Plaintiff intended to allege that CHW is vicariously liable under the TCPA for the call at issue, her claim still fails and should be dismissed under Rule 12(b)(6).

For starters, federal courts apply common law agency principles to determine vicarious TCPA liability. *See, e.g., Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 450 (9th Cir. 2018) (citing, *inter alia,* Restatement (Third) of Agency ("Restatement")). Agency requires a special relationship between an alleged principal and agent. *See* Restatement, § 1.01, cmt. c ("[A]gency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). More specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)). This means "more than mere passive permission; it involves request,

instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). "Though 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (citation omitted*)*.

Further, in the TCPA context, federal courts have widely recognized that vicarious liability cannot attach without the ***"essential ingredient" of control. See, e.g., Jones,* 887 F.3d at 450; *In re Monitronics Int'l, Inc., TCPA Litig*., 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom*., 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency, the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citation omitted).

Thus, federal courts have consistently dismissed TCPA claims premised on vicarious liability, like Plaintiff's, at the pleading stage due to failure to allege facts establishing an agency relationship with or control over an agent. *See*, *e.g*., *Abramson v. 1 Glob. Capital, LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing where "allegations of vicarious liability [we]re conclusory in nature"); *Hirsch v. Lyndon S. Ins. Co*., 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019) (dismissing where plaintiff failed to plead facts supporting common law agency);

*Childress,* 2018 WL 4684209, at *3 (plaintiff "cannot simply allege general control in a vacuum"); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing where "sparse allegations made d[id] not allege any facts that show [defendant] had any power to give interim instructions or otherwise had any control over the performance of" callers); *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where no allegations defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller, and where plaintiff pleaded "virtually no [factual] allegations regarding the relationship" between defendant and caller).[5]

In this case, Plaintiff does not allege the essential ingredient of control required to state a vicarious TCPA liability claim.  Instead, she merely speculates in conclusory fashion and without any supporting facts that some unnamed "agents" or other "third party" may have placed the one call at issue.  *See, e.g.,* Compl. ¶¶ 43, 51.  But

---

[5] *See also Warciak*, *Jones*, *TranzVia*, *Linlor*, *Meeks*, and *Monitronics*, *supra*; *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019), *report and rec. adopted*, 2019 WL 4277507 (Sept. 10, 2019); *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3-6 (E.D.N.Y. Feb. 25, 2019); *Franklin v. Upland Software, Inc.*, 2019 WL 433650, at *2 (W.D. Tex. Feb. 1, 2019); *Fisher v. Alarm.com Hldgs, Inc.*, 2018 WL 5717579, at *3-4 (N.D. Ill. Nov. 1, 2018); *Cunningham v. Sunshine Consult. Grp.*, 2018 WL 3496538, at *5-6 (M.D. Tenn. Jul. 20, 2018); *Kristensen v. Credit Payment Servs. Inc.,* 2015 WL 4477425, at *2-7 (D. Nev. July 20, 2015), *aff'd*, 879 F.3d 1010 (9th Cir. 2018); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015); *Freidman v. Massage Envy Franchising LCC*, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013).

Plaintiff does not allege, for example, that: (1) CHW had any relationship with the third-party caller; (2) CHW exerted any modicum of control over the third-party caller; (3) CHW had supplied the third-party caller with tools and instrumentalities to complete any of the calls; or (4) CHW and the caller maintained a long-term or permanent working relationship. *See, e.g., Jones*, 887 F.3d at 450 (analyzing these and other factors in holding that seller was not vicariously liable for telemarketer's alleged TCPA violations). *See also Monitronics*, 223 F. Supp. 3d at 520.

In sum, to the extent Plaintiff seeks to hold CHW liable under the TCPA at all, either directly or vicariously, her Complaint falls woefully short and, therefore, it should be dismissed in its entirety. *See, e.g., Hirsch*, 2019 WL 5110622, at *6 (dismissing where plaintiff failed to "identify[] who made the calls at issue in th[e] case and the relationship, if any, between each specific caller and each specific [d]efendant"); *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for a conclusion that the "[d]efendant was the source of the alleged calls," ruling that "*[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims*.") (emphasis added).

C.   **Plaintiff Fails to Plead Facts Supporting Her Allegations As to Purported ATDS or Prerecorded Voice Use.**

Plaintiff's attempt to state a TCPA claim against CHW fails for the additional

reason that she does not plead any facts supporting her bald allegations that the one call at issue was initiated using an ATDS or involved a prerecorded voice message.

Indeed, Plaintiff offers only purely conclusory allegations in this regard, *without a single supporting fact*. *See, e.g.*, Compl. ¶¶ 2, 3, 10-11, 16, 18, 20, 22-24, 27, 30-35, 43, 48, 56-58.  For example, Plaintiff solely concludes without factual support that: (i) "[t]he pre-recorded calls [*sic*] were made with an ATDS, as that term is defined by the TCPA"; (ii) "[t]he equipment [used] generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers"; and (iii) "[t]he calls [*sic*] were part of a campaign that made numerous phone calls in a short period of time without human intervention." *Id*. ¶¶ 30, 32, 33. Plaintiff also regurgitates the statutory definition of an ATDS nearly verbatim. *See id*. ¶ 31. *See also* 47 U.S.C. § 227(a)(1) ("The term 'automatic telephone dialing system' means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.").

Federal courts in the Eleventh Circuit and elsewhere—including this Court— have routinely dismissed claims consisting of similarly bald allegations regarding the calling methods allegedly used that merely regurgitate the elements of a TCPA claim without factual support. *See, e.g., Joseph*, 2014 WL 12774686, at *5 (dismissing where plaintiff's "conclusory assertion that [defendant] used an ATDS" with no

supporting facts was "plainly insufficient to state a plausible claim under the TCPA");
*Reo*, 2016 WL 1109042, at *4 (dismissing where, *inter alia,* the complaint had "no
description of the content of the calls … and no information regarding … why they
believed that an ATDS was used or why they believed that an 'artificial or
prerecorded voice'" was used); *Padilla v. Whetstone Partners, LLC*, 2014 WL
3418490, at *2 (S.D. Fla. July 14, 2014) (dismissing where plaintiff did not "elaborate
on the content of the pre-recorded message"); *Trumper v. GE Capital Retail Bank*,
2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing where "no factual
allegations suggesting that the voice on the other end of the line was prerecorded").[6]

Moreover, prior TCPA complaints filed by counsel from Plaintiff's lead law
firm in other cases further show how Plaintiff's allegations against CHW in this case
are entirely generic and conclusory rather than unique to this particular matter.  To be
sure, even a cursory review of PACER shows the lead firm representing Plaintiff has
filed numerous TCPA complaints in this and other courts against many other

---

[6] *See also Gill v Navient Solutions, LLC*, 2018 WL 7412717, at *1 (M.D. Fla. Aug. 7,
2018); *Bonanno v. New Penn Fin., LLC*, 2017 WL 3219517, at *6 (M.D. Fla. July 28,
2017); *Mesa v. Am. Express Educ. Assurance Co.*, 2017 WL 2212147, at *5 (S.D. Fla.
May 18, 2017); *Jackson v. Bank of N.Y. Mellon*, 2016 WL 4942085, at *16 (S.D. Ala.
July 19, 2016), *report and rec. adopted*, 2016 WL 4942012 (Sept. 15, 2016); *Curry v.
Synchrony Bank*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015); *Weaver v.
Wells Fargo Bank N.A.*, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015);
*McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014).

defendants who have no relationship to CHW, each including nearly identical allegations regarding the same calling methods Plaintiff contends CHW used here. *See* Complaint List, p. 4, n. 2, *supra*.  One such complaint was filed a mere seven days prior to the commencement of this case, which is starkly similar (and nearly verbatim) to the one Plaintiff filed here.  *See* Case No. 4:19-cv-00858, E.D. Ark., Dkt. 1.[7]  But as one district judge aptly noted, "[a]lleging a claim by merely attaching a label and/or legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—[like Plaintiff does here] is not sufficient to state a claim that is plausible on its face."  *Lowe v. Dallas Police Dep't,* 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *report and rec. adopted*, 2017 WL 4838980 (Oct. 26, 2017).  *See also Young v. Bellsouth Telecomm., Inc*., 2001 WL 36260499, at *1 (S.D. Fla. Sept. 25, 2001) (dismissing putative class action where there were "simply no factual allegations pertaining to the specific circumstances of the individual plaintiffs") (citing *Magluta*

---

[7] Further illustrative of the cookie cutter nature of her claim against CHW, Plaintiff fluctuates between using the singular term "call" and the plural term "calls" but she only alleges to have received <u>one</u> call from CHW.  Compl. ¶¶ 27-30, 33, 36, 39. Plaintiff also uses the plural term "their" when referring to herself and to CHW.  *See, e.g., id.* ¶ 39 ("The ***calls*** frustrated and upset Plaintiff by interrupting her daily life and wasting ***their*** time."); ¶ 43 (proposed class including calls made by "Defendant and/or a third party acting on ***their*** behalf") (emphasis added).  These allegations appear to have been taken wholesale from Plaintiff's other pending TCPA suit, in which she is one of three named plaintiffs suing multiple defendants, and thus are not unique to this case or CHW.  *See* Case No. 4:19-cv-00009-CDL, M.D. Ga., Dkt. 24.

*v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).  Such is true in this case.

All told, beyond her failure to plead facts supporting direct or vicarious TCPA liability, Plaintiff has also failed to plead any facts supporting her conclusory allegations that an ATDS or a prerecorded voice was used to call her.  Therefore, the Court should follow the weight of federal authority on this front and dismiss Plaintiff's TCPA claim here for this independent, but equally important, reason.

## II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.

In addition or in the alternative to dismissal under Rule 12(b)(6), the Court should also dismiss the entire Complaint under Rule 12(b)(1) for lack of federal subject matter jurisdiction because Plaintiff has not pleaded facts supporting the three required elements for Article III standing—*i.e.*, an "injury in fact," causation (a.k.a. "traceability"), and redressability by CHW.  *See Lujan,* 504 U.S. at 560-61.

*First*, Plaintiff has not pleaded facts supporting an injury sufficient for standing under Article III.  In *Spokeo Inc. v. Robins*, the Supreme Court clarified that an "injury in fact" must be "concrete" and "particularized." 136 S. Ct. 1540, 1548 (2016).  More specifically, it held that a "bare procedural violation, divorced from any concrete harm" may not satisfy the injury in fact requirement.  *Id.* at 1549.  Recently, the Eleventh Circuit applied *Spokeo* in this context, concluding that TCPA plaintiffs must "allege more than merely technical statutory violations."  *Salcedo*, 936 F.3d at 1167,

n.4.  There, the plaintiff alleged to have received a single unsolicited text message that (i) caused him to "waste his time," (ii) invaded his privacy and "right to enjoy the full utility of his cellular device," and (iii) made him and his phone "unavailable for otherwise legitimate pursuits."  *Id*. at 1167.  Reversing the district court's decision not to dismiss, the Eleventh Circuit concluded the plaintiff failed to allege any concrete injury, holding the "isolated, momentary, and ephemeral" injury of receiving one text message falls short of the harm necessary to establish Article III standing.  *Id*. at 1171.

Similar to *Salcedo*, Plaintiff in this case asserts in conclusory fashion, among other things, that the ***single*** phone call that she purportedly received (i) wasted her time and invaded her privacy, (ii) "intruded upon and occupied the capacity of [her] cellular phone," and (iii) "temporarily seized and trespassed upon [her] use of her cellular phone, and caused her to divert attention away from other activities to address the calls."  Compl. ¶¶ 39-40.  The Eleventh Circuit found such allegations to be insufficient for Article III standing in *Salcedo*.  *Cf. Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1269 (11th Cir. 2019) (holding that the "receipt of *more than one* unwanted phone call" is necessary to establish injury in fact) (emphasis added).  This Court should too in this case and dismiss the Complaint on this basis, as well.

***Second***, for the causation element, the "injury in fact" must be "fairly traceable" to the CHW's conduct.  *Lexmark Int'l, Inc. v. Static Control Components,*

*Inc.*, 134 S. Ct. 1377, 1386 (2014).  As demonstrated above, however, Plaintiff fails to plead any facts showing, *inter alia*, (i) any conduct directly or indirectly attributable to CHW; (ii) any basis for concluding the party who called her was one of CHW's "agents"; (iii) that there is any relationship between CHW and any third party caller; (iv) what control, if any, CHW had over those third parties; or (v) any basic facts about the content of the call.  *See* discussion at pp. 3-4, 7-14, *supra*.  Thus, because Plaintiff fails to allege any facts by which one could trace her purported injury to CHW, she lacks Article III standing.  *See*, *e.g., Freidman*, 2013 WL 3026641, at *4 (no standing where plaintiff did not plead agency); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (dismissing under Rules 12(b)(1) and 12(b)(6) where plaintiff plead no facts "connect[ing] or fairly trac[ing] the phone calls at issue" to conduct by defendant or facts showing an  agency relationship).

  ***Third***, among other remedies, Plaintiff seeks "injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a pre-recorded voice, absent an emergency circumstance." Compl. ¶¶ 58. However, because Plaintiff has pleaded no facts showing any wrongful conduct attributable *to* CHW, her purported injuries are incapable of being redressed *by* CHW. Enjoining CHW will not prevent other entities over whom CHW has no control from calling Plaintiff in the future, and imposing statutory or other damages against CHW

cannot possibly prevent or correct the unlawful practices of unknown third parties.

## III.   ALTERNATIVELY, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS UNDER RULES 12(F) AND 23.

Should Plaintiff's TCPA claim somehow survive dismissal, the Court should nevertheless strike Plaintiff's faulty class definition and other class-related allegations from the Complaint pursuant to Rules 12(f) and 23 for at least two reasons:

### A.   Plaintiff's Proposed Class Definition is Facially Overbroad.

*First*, it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative."  7A Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005).  *See also Walewski v. Zenimax Media, Inc.,* 502 F.App'x 857, 861 (11th Cir. 2012) (*per curiam*) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who ha[d] no cause of action as a matter of law").  In this case, Plaintiff's proposed class definition states as follows:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on their [*sic*] behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using the same, or similar dialing system used to contact the Plaintiff, or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

Compl. ¶ 43.  However, this proposed definition is facially overbroad and the class is

uncertifiable because Plaintiff does not take into account or exclude persons who **consented** to be called (*see id.* ¶ 44) and, thus, for whom there could be no TCPA liability against CHW as a matter of law. *See* 47 U.S.C. § 227(b)(1)(A) (no violation for calls "made with the prior express consent of the called party"). *See also Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax in question and thus had no claim). Thus, Plaintiff's proposed class definition should be stricken on this basis alone. *See, e.g.*, *Monteferrante,* 241 F. Supp. 3d at 269; *Earnest,* 923 F. Supp. at 1473.

### B.    Common Questions of Law and Fact Do Not Predominate.

**Second**, Plaintiff's proposed class definition should also be stricken for the additional reason that common questions of law and fact would not predominate. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]"  To meet this requirement, common questions must "present a significant aspect of the case" and "can be resolved for all members of the class in a single adjudication." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 695 (N.D. Ga. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)).  Thus, various federal courts have recognized that proposed TCPA class definitions that would require individualized

factual and legal inquiries, like Plaintiff's, are properly stricken at the pleadings stage. *See, e.g.*, *Pepka*, 2016 WL 8919460, at *4; *see also Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020) (granting TCPA defendant's pre-discovery motion to deny class certification where individualized inquiries needed).

In this case, it is apparent from the face of the Complaint that common questions of law and fact do not predominate and that individualized inquiries would be required.  As noted above, Plaintiff vaguely alleges she received a call from CHW and/or countless "agents" or third parties "acting on [its] behalf."  While Plaintiff has failed to allege any facts regarding the dialing system allegedly used to call her (which alone warrants outright dismissal of Plaintiff's claims), it is possible, and indeed likely, that calls to the putative class members (assuming solely for argument's sake there were any) were made from several different dialing systems, all with different capabilities and used in different ways.  Courts routinely deny class certification where, as here, individual investigations into differing dialing systems are required. *See, e.g., Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1032-33 (D. Nev. 2018) (commonality lacking where plaintiff called by two different vendors who may or may not have been using different dialing systems, only one of which could have resulted in a violation); *Trenz v. On-Line Adm'rs, Inc.*, 2017 WL 3084158, at *3 (C.D. Cal. Apr. 26, 2017) (denying certification where two different dialing systems used).

As applied to this case, because there are no allegations in the Complaint from which one can plausibly infer that the unidentified third parties who may have placed calls to Plaintiff and to the putative class members used the same dialing system, whether the calls at issue here were made using an impermissible ATDS is not a common question that can be resolved by generalized proof across the class in one adjudication, and thus individualized factual and legal inquiries would be needed.

Similarly, not only is it likely that the various unidentified third parties that could have called Plaintiff and the class varied significantly in the dialing systems and methods they used, but it is also possible these different parties varied significantly on how they endeavored to obtain "consent." The circumstances under which consumers might *provide* or *revoke* consent to the same entity or different entities can naturally vary by individual, too. Consequently, courts have consistently denied class certification where individualized consent inquiries predominate. *See, e.g., Balthazor v. Cent. Credit Servs., Inc.,* 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012) (denying class certification where "[r]esolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone."); *see also Sliwa v. Bright House Networks, LLC,* 2019 WL 4744938, at *19–22 (M.D. Fla. Sept. 27, 2019); *Powell v. YouFit Health Clubs LLC,* 2019 WL 926048, at *4 (S.D.

24

Fla. Feb. 22, 2019); *Wilson v. Badcock Home Furniture*, 329 F.R.D. 454, 459–61 (M.D. Fla. 2018).  Courts have also stricken class allegations at the pleadings stage for this reason.  *See, e.g., Flynn v. DIRECTV, LLC*, 2016 WL 4467885, at *1 (D. Conn. Aug. 23, 2016).  *See also Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("[T]he predominant issue of fact [in a TCPA case] is undoubtedly one of *individual* consent") (emphasis in original).  Thus, Plaintiff's proposed class definition should also be stricken because individualized consent inquiries would predominate.[8]

## CONCLUSION

For all the reasons above, CHW respectfully requests that this Court enter an order (1) dismissing the Complaint in its entirety and <u>with prejudice</u>[9] for failure to state a claim under Rule 12(b)(6) and lack of Article III standing under Rule 12(b)(1); or (2) in the alternative, striking Plaintiff's class allegations under Rules 12(f) and 23.

---

[8] Since Plaintiff's faulty class definition is properly stricken for the reasons above, all remaining "class" related allegations (*see, e.g.,* Compl. ¶¶ 2-4, 24, 42, 44-53, and "Relief Sought") would be superfluous and, therefore, are properly stricken as well. *See, e.g., Alan v. BrandRep, Inc*., 2016 WL 10988679, at *3 (C.D. Cal. Nov. 28, 2016) (Rule "12(f) authorizes the Court to strike any redundant matter *sua sponte*.").

[9] *See N.A. v. Inabinett*, 2006 WL 219953, at *2 (M.D. Ala. Jan. 27, 2006)  ("A Rule 12(b)(6) dismissal summarily terminates cases on their merits, and it is ***presumed to be with prejudice*** and a claim preclusive effect.") (citing 2 MOORE'S FEDERAL PRACTICE, § 12.34[6][a] (Matthew Bender 3d ed.); *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)) (emphasis added).

Respectfully submitted this 8th day of January, 2020.

/s/ Luke Donohue
Luke P. Donohue
Georgia Bar No. 193361
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, Georgia 30303
Telephone:  404.881.1300
Fax:  404.870.1732
luke.donohue@ogletreedeakins.com

Aaron Paul Heeringa
*Pro Hac to be filed*
Manatt, Phelps & Phillips LLP
151 North Franklin Street
Chicago, IL 60606
Telephone: 312.529.6300
Fax: 312.529.6315
pheeringa@manatt.com

**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed and served on all counsel of record in the above-captioned matter on January 8th, 2020 via the Court's CM/ECF filing service.

/s/ Luke Donohue
Luke P. Donohue
Georgia Bar No. 193361

41349399.1