# Anthony Paronich

| | |
|---|---|
| **From:** | Heeringa, Paul <PHeeringa@manatt.com> on behalf of Heeringa, Paul |
| **Sent:** | Friday, January 17, 2020 4:38 PM |
| **To:** | Anthony Paronich |
| **Cc:** | Andrew Heidarpour; Steve Koval; luke.donohue@ogletree.com; marie.reed@ogletree.com; McGuinness, John; Reilly, Christine; Newcomb, Madelaine |
| **Subject:** | RE: Griffin v. CHW Group, Inc. |

Thanks for letting us know.  We will note in our motion that plaintiff does not consent.

**A. Paul Heeringa**
Counsel

**Manatt, Phelps & Phillips,** LLP
151 North Franklin Street
Suite 2600
Chicago, IL 60606
**D** (312) 529-6308 **M** (312) 399-9607 **F** (312) 529-6315
PHeeringa@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, January 16, 2020 1:05 PM
**To:** Heeringa, Paul <PHeeringa@manatt.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Steve Koval <steve@kovalfirm.com>; luke.donohue@ogletree.com; marie.reed@ogletree.com; McGuinness, John <JMcGuinness@manatt.com>; Reilly, Christine <CReilly@manatt.com>; Newcomb, Madelaine <MNewcomb@manatt.com>
**Subject:** Re: Griffin v. CHW Group, Inc.

Hey, Paul. We believe the Joint Report should be submitted as required, even with a motion to dismiss pending and that's consistent with our experience in this District and with the Judge. Of course, discovery won't proceed until 30 days after an Answer, absent a Court Order, which we only intend to seek with respect to calling records, and potentially won't at all depending on their status.

Relatedly, please respond regarding the issue with calling records and preservation. If we do not have an agreement, we intend to file that motion shortly.

Regards,


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

1

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Jan 16, 2020 at 11:51 AM Heeringa, Paul <PHeeringa@manatt.com> wrote:

> Hi Anthony:
>
> Thanks for your email and preparing the draft joint report.
>
> Although we are aware of the local rules regarding Rule 26(f) conference and joint report deadlines in this court, we believe it would be premature and wasteful for the parties and the court to proceed with discovery at this time in light of our client's pending dispositive motion.  Accordingly, please advise if you would be amenable to extending those deadlines and staying discovery during the pendency of our motion to dismiss/strike.  Thanks.
>
> Best regards,
>
> -Paul
>
> **A. Paul Heeringa**
> Counsel
>
> ―――――――――――
>
> **Manatt, Phelps & Phillips,** LLP
> 151 North Franklin Street
> Suite 2600
> Chicago, IL 60606
> **D** (312) 529-6308 **M** (312) 399-9607 **F** (312) 529-6315
> PHeeringa@manatt.com
>
> **manatt.com**
>
> CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, January 15, 2020 9:53 PM
**To:** Heeringa, Paul <PHeeringa@manatt.com>; luke.donohue@ogletree.com; marie.reed@ogletree.com
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Steve Koval <steve@kovalfirm.com>
**Subject:** Griffin v. CHW Group, Inc.


Counsel:


Given the Court's deadline regarding the filing of a Joint Report, we've put together the attached. Could you please let us know of some time over the next two weeks you'd be available to conduct the conference?


We also wanted to write to you regarding a preservation concern of ours. Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 6-9 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time. Acknowledging the consequences of a failure to gather these telemarketing records, courts have previously authorized an early discovery period in TCPA cases, including in this District and this Court. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, United States District Court for the Northern District of Georgia, Civil Action No. 14-cv-01846, Dkt. No. 23 (August 19, 2014).


Such motion practice is something we want to avoid, so could you please let me know if there are any third party vendors involved, and if so, if records from those companies have been gathered?


Regards,

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100


This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.