**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| YVETTE GRIFFIN, individually and on behalf of others similarly situated, | : : : | CIVIL ACTION FILE NO. 1:19-cv-05561-AT |
| Plaintiff, | : : | |
| v. | : : | |
| | : | **CLASS ACTION** |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, | : : : | |
| Defendant. | : : | |
| _____/ | : | |

**PLAINTIFF'S MOTION TO COMMENCE
LIMITED DISCOVERY TO AVOID THE DESTRUCTION OF
RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS**

The Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The lawsuit alleges that CHW Group, Inc. ("Choice Home Warranty") commissioned automated and pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent.

One of the only meaningful ways to identify putative class members in TCPA cases is through calling records. However, not all telecommunications carriers preserve calling records for the length of the Plaintiff's putative class period. At this point, the Plaintiff requests an Order from this Court where she will be permitted to serve discovery on any individual or entity that may have information that could identify putative class members. Without such an order, this pertinent information may be destroyed in the regular course of business.

Chief Judge Thrash has twice previously authorized similar discovery in a TCPA case and done so without briefing from the defendants, entering an Order shortly after the motion was filed, recognizing the importance of issuing such discovery. *See Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Mey v. Interstate National Dealer Services, Inc., et al.*, United States District Court for the Northern District of Georgia, Civil Action No 14-cv-01846, ECF. No. 23 (August 19, 2014). This Court has previously authorized a similar early discovery period. *See Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016).

In fact, in the *Abante*, *Mey* and *Cooley* cases, a defendant had filed a motion to dismiss when the Order was entered, just as the defendant has done here.

2

In further support of this motion, the Plaintiff states:

1.      Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.  *See* 47 U.S.C. § 227(b)(1)(A).

3.      Because the calls were likely transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff brought this action on behalf of a proposed nationwide class of other persons.

4.      The class of persons Plaintiff seeks to represent includes:

> All persons within the United States to whom: (a) Defendants and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using the same, or similar dialing system used to contact the Plaintiff, or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

*See* ECF No. 1 at ¶ 43.

5.      The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

6.      However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached as Exhibit 1 is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice.

7.      As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period.

4

8.     This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Plaintiff were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

9.     As a result, putative class plaintiffs in TCPA cases are left to either secure an assurance that all of the records have been retrieved and are maintained or file a motion to ensure that this occurs. *See e.g. Fitzhenry v. Career Education Corporation, et al.*, United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *See e.g. Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-

GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor).

10.    Alternatively, courts in this District have authorized an early discovery period to address this issue in TCPA cases, as outlined above. Other courts in this District have similarly authorized an early discovery period in TCPA cases. *See Foote v. Car Protection USA et al*, Civil Action No. 1:19-cv-04381-LMM, ECF No. 15 (May, J., January 6, 2020).

11.    Courts in other districts have also adopted this approach. *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019).

12.    The requested relief is particularly necessary as Mr. Davis and Clear Path Auto have been served with the lawsuit, acknowledged receipt of it, but have given no indication that they intend to participate.

13.    Counsel for the Plaintiff has attempted to confer with Choice Home regarding the relief sought in this motion, but Choice Home has not provided any response to the Plaintiff's repeated inquiries regarding this preservation issue. *See* Exhibit 2.

14.    L.R. 26.2(A) provides, in part: "The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint,

unless the parties mutually consent to begin earlier." As the Defendant has filed a motion to dismiss and the commencement of discovery is uncertain, Plaintiff has no choice but to seek this relief. Otherwise, Plaintiff will be hamstrung in her efforts to identify and preserve vital evidence, which may be destroyed.

WHEREFORE, the Plaintiff requests an Order from this Court where she will be permitted to serve discovery on any individual or entity that may have information that could identify putative class members. A proposed Order is attached as Exhibit 3.

PLAINTIFF,
By her attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651

7

Facsimile: (404) 549-4654
Steve@KovalFirm.com

## CERTIFICATION OF COUNSEL

I hereby certify in accordance with U.S.D.C. N.D. Ga. Local Rule 7.1D that the foregoing has been prepared using Times New Roman, 14-point font, as required in U.S.D.C. N.D. Ga. Local Rule 5.1C.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

## CERTIFICATE OF SERVICE

I, hereby certify that on January 19, 2020, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record. I have also sent the document to any party that has not appeared.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

8