**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**YVETTE GRIFFIN, individually and**
**on behalf of others similarly situated,**

      **Plaintiff,**

**v.**

**CHW GROUP, INC. d/b/a**
**CHOICE HOME WARRANTY,**

      **Defendant.**

**Civil Action No.**
**1:19-cv-05561-AT**

**DEFENDANT CHW GROUP, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO STRIKE CERTAIN ALLEGATIONS FROM THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFF HAS NOT PLEAD ANY FACTS SHOWING CHW "PHYSICALLY PLACED" THE ONE CALL AT ISSUE AS REQUIRED TO STATE A CLAIM FOR DIRECT TCPA LIABILITY ....... 1

II.   PLAINTIFF CONCEDES CHW'S VICARIOUS TCPA LIABILITY ARGUMENTS ................................................................. 5

III.  PLAINTIFF HAS NOT PLEAD FACTS SUPPORTING PRERECORDED VOICE OR ATDS USE ...................................... 6

IV.  PLAINTIFF HAS NOT MET HER BURDEN TO PLEAD ARTICLE III STANDING ................................................................ 13

V.   PLAINTIFF FAILS TO REFUTE THE BASIS FOR CHW'S ALTERNATIVE MOTION TO STRIKE ...................................... 14

VI.  CONCLUSION ................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Augustin v. Santander Consumer*,
  43 F. Supp. 3d 1251 (M.D. Fla. 2012)......................................................................... 4

*Bank v. Vivint Solar, Inc.*,
  2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019), *report and rec.*
  *adopted sub nom.*, 2019 WL 1306064 (Mar. 22, 2019)........................................... 3

*Belik v. Carlson Travel Grp.*,
  864 F. Supp. 2d 1302 (S.D. Fla. 2011)...................................................................... 13

*Bonanno v. New Penn Fin., LLC*,
  2017 WL 3219517 (M.D. Fla. July 28, 2017)........................................................... 11

*Bosire v. Kroger Co.*,
  2015 WL 12856120 (N.D. Ga. Dec. 14, 2015)........................................................... 6

*Breines v. Pro Custom Solar, LLC*,
  Case No. 3:19-353-BJD-PDB, M.D. Fla., Dkt. 30....................................................... 1

*Burgess v. Religious Tech. Ctr., Inc.*,
  600 F.App'x. 657 (11th Cir. 2015)............................................................................. 11

*Childress v. Liberty Mutual*,
  2018 WL 4684209 (D.N.M. Sept. 28, 2018),.............................................................. 4

*Cordoba v. DIRECTV*,
  942 F.3d 1259 (11th Cir. 2019) .......................................................................... 13, 14

*Davila v. Delta Air Lines, Inc.*,
  326 F.3d 1183 (11th Cir. 2003) .................................................................................. 5

*Duran v. Wells Fargo Bank, N.A.*,
  878 F. Supp. 2d 1312 (S.D. Fla. 2012)..................................................................... 8, 9

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019)............................................................ 5

*Gill v Navient Solutions, LLC*,
  2018 WL 7412717 (M.D. Fla. Aug. 7, 2018)............................................................ 8, 9

# TABLE OF AUTHORITIES
(continued)

**Page**

*Glasser v. Hilton Grand Vacations Co.*,
2020 WL 415811 (11th Cir. Jan. 27, 2020) ......................................................... 13

*Goff v. LaSalle Bank, N.A.*,
2009 WL 10688475 (N.D. Ala. Sept. 16, 2009) .................................................. 14

*Hamilton v. Southland Christian Sch.*,
680 F.3d 1316 (11th Cir. 2012) ................................................................................ 6

*Horowitz v. GC Services Ltd. P'ship*,
2015 WL 1959377 (S.D. Cal. Apr. 28, 2015) ...................................................... 10

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018)................................................... 2, 5

*Hyatt v. J.B. Hunt Transp. Servs., Inc.*,
2015 WL 13648356 (W.D. Ark. June 16, 2015)................................................. 13

*Johansen v. Vivant, Inc.*,
2012 WL 6590551 (N.D. Ill. Dec.18, 2012) .................................................. 9, 12

*Joseph v. ARS Nat'l Servs., Inc.*,
2014 WL 12774686 (N.D. Ga. Feb. 21, 2014)................................................... 10

*Keim v. ADF Midatlantic*,
2015 WL 11713593 (S.D. Fla. Nov. 10, 2015)................................................... 12

*Kramer v. Gwinnett Cty.*,
306 F. Supp. 2d 1219 (N.D. Ga. 2004), *aff'd,* 116 F.App'x 253
(11th Cir. 2004) ......................................................................................................... 6

*Lumpkin v. E.I. Du Pont De Nemours & Co.*,
161 F.R.D. 480 (M.D. Ga. 1995).......................................................................... 14

*Melito v. Am. Eagle Outfitters, Inc.*,
2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ...................................................... 5

*Naiman v. Freedom Forever*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ................................................. 3, 4

*NLRB v. McClain of Ga., Inc.*,
138 F.3d 1418 (11th Cir. 1998) ................................................................................ 6

# TABLE OF AUTHORITIES
(continued)

**Page**

*Omega Psi Phi Fraternity, Inc. v. HCE Grp. Of Companies, Inc.*,
2011 WL 13228098 (S.D. Fla. Oct. 19, 2011) ...................................................... 11

*Padilla v. Whetstone Partners, LLC*,
2014 WL 3418490 (S.D. Fla. July 14, 2014) ..................................................... 8, 9

*Saragusa v. Countrywide*,
2016 WL 1059004 (E.D. La. Mar. 17, 2016), *aff'd* 707 F. App'x
797 (5th Cir. 2017) ................................................................................................. 8

*Scott v. 360 Mortgage Grp.*,
2017 U.S. Dist. LEXIS 207513 (S.D. Fla. Dec. 14, 2017) .................................. 12

*Smith v. Aitima Med. Equip., Inc.*,
2016 WL 4618780 (C.D. Cal. July 29, 2016) ....................................................... 9

*Smith v. Royal Bahama*,
2016 WL 232425 (N.D. Ill. Jan. 20, 2016) ......................................................... 12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
30 F. Supp. 3d 765 (N.D. Ill. 2014) ..................................................................... 2

*Vandenbrink v. State Farm Mut. Auto. Ins. Co.*,
2012 WL 3156596 (M.D. Fla. Aug. 3, 2012)...................................................... 14

*Vessal v. Alarm.com*,
2017 WL 4682736 (N.D. Ill. Oct. 18, 2017) ................................................. 1, 2, 5

*Ward v. Select Portfolio Servicing*,
2018 WL 3745053 (N.D. Ga. May 25, 2018), *report and rec.*
*adopted sub nom.*, 2019 WL 2344138 (Feb. 25, 2019) ....................................... 11

*Waterbury v. A1 Solar Power Inc.*,
2016 WL 3166910 (S.D. Cal. June 7, 2016) ....................................................... 10

*Whitacre v. Nations Lending Corp.*,
2019 WL 3477262 (N.D. Ohio July 31, 2019)...................................................... 8

*Zeidl v. Nat'l Gas & Electric*,
2019 WL 2161546 (N.D. Ill. May 17, 2019) ...................................................... 12

# TABLE OF AUTHORITIES
(continued)

**Page**

## RULES

Fed. R. Civ. P. 12(b)(1) .................................................................. 13

Fed. R. Civ. P. 12(b)(6) ..........................................................5, 9, 12

N.D. Ga. L.R. 7.1(b) ................................................................... 6, 7

## OTHER AUTHORITIES

U.S. Const. art. III ........................................................................ 13

Plaintiff's Opposition (Dkt. 12, "Opposition" or "Opp.") to CHW's Motion to Dismiss and/or Strike (Dkt. 7, "Motion") Plaintiff's Complaint (Dkt. 1, "Complaint" or "Compl.") fails to refute the well-supported grounds for relief presented by CHW. Therefore, the Motion should be granted and the Complaint should be dismissed.

## I.   Plaintiff Has Not Plead Any Facts Showing CHW "Physically Placed" the One Call at Issue As Required to State a Claim for Direct TCPA Liability.

Like her Complaint, Plaintiff's Opposition posits in conclusory fashion that "Plaintiff sufficiently alleges receiving a TCPA violative call directly from" CHW. Opp. at 6.  It further concludes that she "has clearly alleged that the first and only company identified on these calls [*sic*] was" CHW.  *Id.* at 5.[1]  Plaintiff is wrong.

It is well accepted that "[d]irect liability under the TCPA … applies ***only*** to entities that 'initiate' [or "make"] the telemarketing calls" and, in that regard, "the FCC [has] made clear to initiate a call means to ***physically place*** a telephone call." *Vessal v. Alarm.com*, 2017 WL 4682736, at *2 (N.D. Ill. Oct. 18, 2017) (citing

---

[1] Like her Complaint (*see* Motion at 17, fn.7), Plaintiff's Opposition suggests that she received "multiple calls" and that the (234) area code phone number purportedly used to call her was "spoofed" (i.e., fake).  *See, e.g.,* Opp. at 2, 5, 7.  Yet her Complaint only alleges that she received a ***single phone call*** on October 25, 2019 (*see* Compl. ¶ 27) and it says nothing about "spoofing."  Apparently, like the boilerplate allegations in her Complaint, Plaintiff's arguments in her Opposition were merely recycled wholesale from other briefs filed in other TCPA cases, and are not unique to the facts and circumstances in ***this*** case.  *See, e.g., Breines v. Pro Custom Solar, LLC*, Case No. 3:19-353-BJD-PDB, M.D. Fla., Dkt. 30 at 2, 6.  This is further demonstrative of the conclusory nature, and thus legal insufficiency of, her Complaint.  *See* Motion at 3-4, 16-17 & fns. 2 & 7 (citing various cases).

*Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014)) (emphasis added).   Thus, federal courts across the country have routinely rejected direct TCPA liability claims, like Plaintiff's, lacking sufficient factual allegations regarding the defendant's initiation of the phone calls "in the sense of taking the steps to physically place a call." *Id. See also* Motion at 8-9 (citing *Warciak*, *Pascal*, *Hurley*).   Such is particularly true in the present case and, thus, warrants dismissal.

Indeed, Plaintiff provides no detail at all about the content or circumstances surrounding the prerecorded message she allegedly received from which the Court could remotely infer that CHW, as opposed to unidentified "agents" or some other "third party acting on [CHW's] behalf" (Compl. ¶¶ 43, 51), took any steps to physically place the call as required for direct TCPA liability.   While Plaintiff posits that she "has plainly alleged [CHW] directly made the call at issue" (Opp. at 4), the few paragraphs she cites from her pleading in that regard (*id.* at 4-5, citing Compl. ¶¶ 2, 6, 22-24, 27, 29) are all conclusory and not supported by *any* case law.   *See, e.g.*, Compl. ¶ 2 ("Plaintiff alleges [CHW] made pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent."); ¶ 23 ("One of the telemarketing strategies used by [CHW] involve the use of automated dialers and prerecorded messages to solicit potential drivers to use [CHW's] services."); ¶ 27 (CHW "called [Plaintiff] on her cellular telephone with a prerecorded message on

2

October 25, 2019.").  Further, although the Complaint alleges CHW is located in **New Jersey**, Plaintiff does not allege CHW uses, owns, or controls the phone number with the (234) area code—which is an **Ohio** area code—purportedly used to call her (*see* Motion at 9, fn.4), and her Opposition does not argue otherwise.[2]  And, to the extent Plaintiff contends the mysterious "follow up" email from "Mello Baker" (*see* Opp. at 1) somehow evidences CHW's involvement in the call at issue, that theory fails because she provides no detail about the content of the alleged call. *See, e.g., Bank v. Vivint Solar, Inc.,* 2019 WL 2280731, at *3-6 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted sub nom.*, 2019 WL 1306064 (Mar. 22, 2019) (dismissing, notwithstanding allegation defendant called plaintiff 30 minutes after the allegedly violative call, where plaintiff provided no detail about the alleged prerecorded call, holding the follow up call alone was "an insufficient basis upon which to infer that [defendant] made the specific Prerecorded Call" at issue).

Plaintiff also ignores most of the authorities cited by CHW on this point (*see* Motion at 8), and she mispresents the holdings of the few authorities she did address (*see* Opp. at 5).  For starters, contrary to what Plaintiff implies, the complaint in *Naiman v. Freedom Forever*, like Plaintiff's Complaint here, baldly "allege[d] that 'Defendant' made the calls in question" but, "provide[d] **no** further details (i.e., how

---

[2] Moreover, neither of the third-party websites Plaintiff relies on (*see* Opp. at 8-9, citing Compl. ¶¶ 36-37) tie the alleged call or the (234) number used to CHW.

the caller identified itself or what entity it was calling on behalf of) … from which the Court could infer that an employee of [the moving defendant physically] made the calls."   2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (emphasis in original).   While the plaintiff in *Childress v. Liberty Mutual* initially filed *pro se*, he was an attorney and thus "not the typical *pro se* litigant" and "well-versed in pursuing claims involving the TCPA," and he "assert[ed] in an entirely conclusory fashion that 'Jason' [the name provided in the message] was a 'fake name' and that the call was [actually] made by '***Defendant's*** pre-recorded message robot machine'" which the court found insufficient to plead a direct TCPA liability claim.   2018 WL 4684209, at *1, 3 (D.N.M. Sept. 28, 2018) (emphasis added).   Finally, the court in *Augustin v. Santander Consumer* dismissed because the pleading there, like the one at bar, lacked a variety of specific factual allegations about the calls at issue, including about ***the content and the callers' identities***, sufficient to put the defendant on notice as to whether it could be liable.   *See* 43 F. Supp. 3d 1251, 1254–55 (M.D. Fla. 2012).   These cases support dismissal and belie Plaintiff's arguments.

All told, Plaintiff's Complaint lacks any detail supporting an allegation that CHW "physically placed" the call at issue, as opposed to some unidentified third parties, as required for direct TCPA liability.   *See* Motion at 8-10 (citing various cases).   Simply alleging in conclusory fashion that a defendant "made" a call, like

Plaintiff has done here, is not enough to survive dismissal. *See, e.g., Vessal*, 2017 WL 4682736, at *2 (dismissing where "there [we]re no allegations in the complaint, and [plaintiff] d[id] not argue [in her opposition,] that [defendant] initiated the phone calls in the sense of taking the steps to physically place a call" for direct TCPA liability); *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) (no direct liability where the complaint did "not provide any allegations [the defendant] took steps physically necessary to place the call" and "[m]erely alleging that [defendant] 'made' or 'initiated' the call is not sufficient to allege a TCPA claim").[3]  And tellingly, Plaintiff fails to cite a single case in support of her argument, let alone one holding that conclusory allegations like those contained in her Complaint (*see* Opp. at 4-5) sufficiently state a claim for relief. Thus, the Complaint should be dismissed pursuant to Rule 12(b)(6) for this reason.

## II.  Plaintiff Concedes CHW's Vicarious TCPA Liability Arguments.

Plaintiff's Opposition argues that "there is no presence of a third party

---

[3] *See also Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."); *Hurley v. Messer,* 2018 WL 4854082, at *3-4 (S.D.W.Va. Oct. 4, 2018) (dismissing where "there [we]re … no facts [alleged] suggesting … [d]efendant … physically placed the telephone calls at issue" for direct liability); *Melito v. Am. Eagle Outfitters, Inc.,* 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) ("[C]onclusory assertions [defendant] sent or caused the text message to be sent is simply a legal conclusion devoid of further factual enhancement. Because Plaintiffs do not plead [defendant] 'made,' i.e., physically placed or actually sent, the text messages, the [complaint] fails to state a claim.").

affirmatively alleged" in the Complaint (Opp. at 5), and it ignores CHW's arguments and authorities on the issue of vicarious TCPA liability (*see* Motion at 10-14).  Thus, Plaintiff has conceded this point.  *See, e.g., NLRB v. McClain of Ga., Inc.,* 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Hamilton v. Southland Christian Sch.,* 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").[4]

## III. **Plaintiff Has Not Plead Facts Supporting Prerecorded Voice or ATDS Use.**

Plaintiff unilaterally decides, without citation to authority, that her Complaint "requires no more information" regarding the prerecorded message she purportedly received beyond what is already alleged "to prevail on [CHW's] motion to dismiss." Opp. at 6.  She further argues "[t]he Complaint alleges at least six different facts supporting the conclusion at this stage of the litigation that [CHW] used an [ATDS] to make the unsolicited call" at issue.  *Id*. at 9.  These points fail on several levels.

First, as a threshold matter, Plaintiff's Opposition fails to support Plaintiff's

---

[4] *See also Bosire v. Kroger Co.,* 2015 WL 12856120, at *3 (N.D. Ga. Dec. 14, 2015) ("Plaintiffs' failure to address [an] argument constitutes waiver."); *Kramer v. Gwinnett Cty.,* 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."), *aff'd,* 116 F.App'x 253 (11th Cir. 2004); N.D. Ga. L.R. 7.1(b) ("Failure to file a response shall indicate that there is no opposition to the motion.").

prerecorded voice arguments with any legal authorities and, instead, it merely repeats or recasts the same conclusory allegations from the Complaint discussed above.  *See* Opp. at 6.  Nor does it discuss or refute any of CHW's cited authorities regarding prerecorded voice or ATDS use.  *See* Motion at 14-16 & fn. 6 (citing various cases).  Plaintiff's Opposition also does not (and indeed cannot credibly) deny that Plaintiff's Complaint contains few (if any) unique facts specific to ***this*** case and ***these*** circumstances—as is necessary to state a plausible claim for relief under federal pleading standards—and, instead, is merely a rehash of virtually identical, or at least starkly similar, TCPA complaints filed in other matters by her attorneys in this case.  *Id*. at 3-4, 16-17 & fns. 2 & 7 (citing, *inter alia*, *Ridge*, *Lowe*, *Young*, and *Magluta*).  Once again, by not addressing the foregoing in her Opposition, Plaintiff has conceded CHW's arguments in this regard, as well.  *See* discussion at p. 5 & fn. 4, *supra* (citing various cases); *see also* N.D. Ga. L.R. 7.1(b).

Second, Plaintiff posits that she alleges she "answered the call and heard a pre-recorded voice" and "responded to the message [*sic*] received information from [CHW] in order to sufficiently identify the company making the call."  Opp. at 6 (citing Compl. ¶¶ 27-29).  These allegations are nowhere in the Complaint.  Rather, the ***only*** allegation in the entire Complaint regarding the nature of the call is ***one undetailed conclusion*** that CHW "called Ms. Griffin on her cellular telephone with

a pre-recorded message on October 25, 2019." Compl. ¶ 27. But, as noted, courts in the Eleventh Circuit and elsewhere have widely recognized that the mere recitation of the elements that a defendant used a "prerecorded" voice, which is all Plaintiff's Complaint does, is insufficient to state a plausible TCPA claim. *See* Motion at 16 & fn. 6 (citing, *inter alia*, *Reo*, *Padilla*, *Trumper*, *Gill*, and *Curry*); *Saragusa v. Countrywide*, 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F. App'x 797 (5th Cir. 2017) ("mere recitation of the elements" that defendant used an "artificial or prerecorded voice" insufficient); *Whitacre v. Nations Lending Corp.*, 2019 WL 3477262, at *3 (N.D. Ohio July 31, 2019) (dismissing where plaintiff did not give details about prerecorded calls). This Court should rule similarly here.[5]

<u>Third</u>, Plaintiff further argues that, "[a]t this stage of the proceedings, a TCPA plaintiff sufficiently alleges that calls were made using an [ATDS] by identifying 'circumstances surrounding' the calls that 'create a plausible inference of autodialing'" including, among other things, "that ***multiple calls*** were made to the same recipient." Opp. at 6-7 (emphasis added). However, Plaintiff's Complaint in this case merely alleges that Plaintiff received a ***single phone call*** (*see* Compl. ¶ 27),

---

[5] Plaintiff's new allegation that she "responded to" the caller negates her actual plead claims that a prerecorded voice or ATDS was used here in any event. *See, e.g., Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) ("On the four occasions Defendant made phone calls to Plaintiff, Plaintiff alleges that he ***spoke with*** Defendant's representatives, which negates a claim that the calls were made by an [ATDS] or artificial or prerecorded voice.") (emphasis in original).

which courts have recognized "do[es] not take the claim of the use of an ATDS beyond the speculative level" standing alone. *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016).[6] This Court should too.

Fourth, Plaintiff similarly argues that her Complaint "alleges both facts and circumstances surrounding the call she [purportedly] received from [CHW] sufficient to raise a plausible inference that an [ATDS] was used," including that "the call was made with a pre-recorded voice" and "that it was received from a 'spoofed' number that was not in service." Opp. at 2. These arguments are also unavailing. As to the former, courts have held that the mere alleged receipt of a prerecorded message, without more, does not support an inference that an ATDS was used to make the call. *See*, *e.g.*, *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec.18, 2012) (dismissing under Rule 12(b)(6) where, as here, the plaintiff provided no detail about the messages at issue, other than stating that the defendant left prerecorded messages on his cell phone using an ATDS). As to the latter, not only does Plaintiff's Complaint lack any such "spoofing" allegations, but

---

[6] *See also Duran*, 878 F. Supp. 2d at 1316 (dismissing where plaintiff concluded defendant used an ATDS to place "many" calls without supporting facts); *Gill v Navient Solutions, LLC,* 2018 WL 7412717, at *1 (M.D. Fla. Aug. 7, 2018) ("Plaintiff fails to describe the phone messages or the circumstances surrounding the calls, ***such as the actual messages or conversations***, to cause her to believe an ATDS was being used.") (emphasis added); *Padilla v. Whetstone Partners, LLC*, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (dismissing where plaintiff failed "to explain the circumstances that suggest[ed] [the] Defendant used" an ATDS).

also several courts have recognized that whether the number used to make the calls was "spoofed" is irrelevant to whether a plaintiff has ***properly plead*** ATDS use in any event. *See, e.g., Waterbury v. A1 Solar Power Inc.*, 2016 WL 3166910, at *3, n.3 (S.D. Cal. June 7, 2016) (dismissing complaint, holding "whether [d]efendants or their equipment disguised their phone number is not probative of whether [d]efendants' equipment meets the definition of an ATDS under the TCPA.").[7] And at bottom, the "six different" ATDS "facts" that Plaintiff alludes to in her brief (*see* Opp. at 8-9) amount to nothing more than purely conclusory assertions without supporting facts that merely parrot the elements of a TCPA claim, most if not all of which appear to have been lifted directly from other cookie-cutter complaints filed in various other cases by her attorneys, which are insufficient to state a plausible claim under federal pleading standards.  *See* Motion at 15-17 & fns. 6-7 (citing various cases). *See also Joseph v. ARS Nat'l Servs., Inc.,* 2014 WL 12774686, at *5 (N.D. Ga. Feb. 21, 2014) ("[C]onclusory assertion [defendant] used an ATDS [was] … plainly insufficient to state a plausible claim under the TCPA") (citing various

---

[7] In any event, the purpose of "spoofing" is to make it appear as if the call is "coming from a ***local number*** to trick the recipient into thinking the call is from a ***local caller.***" *Horowitz v. GC Services Ltd. P'ship*, 2015 WL 1959377, at *1, 7–8 (S.D. Cal. Apr. 28, 2015) (emphasis added).  As applied here, while Plaintiff claims that the number used to call her had an ***Ohio*** area code as noted above, she also alleges that she "resides in this District."  Compl. ¶ 6.  Thus, if the number used to call Plaintiff was truly "spoofed," it would have had a ***Georgia*** area code, not Ohio.

cases); *Bonanno v. New Penn Fin., LLC*, 2017 WL 3219517, at *6 (M.D. Fla. July 28, 2017) ("Merely alleging [a defendant] made calls 'using an automated dialing system, using an artificial or prerecorded voice, or using both' does not create any inference supporting the allegation that calls were made using" an ATDS.).

Fifth, as shown above, Plaintiff's prerecorded voice and ATDS arguments in her Opposition rely heavily (if not almost exclusively) on new "facts" not pleaded in her Complaint, many of which were apparently borrowed from other cases—*i.e.*, that she received "multiple calls" from a "spoofed" phone number and she "responded" to the caller.  Yet, "the Eleventh Circuit has 'repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.'" *Ward v. Select Portfolio Servicing*, 2018 WL 3745053, at *4, n.5 (N.D. Ga. May 25, 2018), *report and rec. adopted sub nom.*, 2019 WL 2344138 (Feb. 25, 2019) (quoting *Burgess v. Religious Tech. Ctr., Inc.,* 600 F.App'x. 657, 665 (11th Cir. 2015)).  Put more simply, "[i]n the face of a motion to dismiss [like CHW's], the Court may only consider the facts alleged in the complaint itself, and the new facts in Plaintiff's opposition may not be considered."  *Omega Psi Phi Fraternity, Inc. v. HCE Grp. Of Companies, Inc.,* 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011).

Sixth, the few authorities that Plaintiff relies on in support of her ATDS arguments (Opp. at 7) are distinguishable and inapposite, as most of them involved

"multiple" or "numerous" calls or text messages (the specific contents of which were alleged) made to the same plaintiff, not a single call like in this case, along with other specifically alleged facts those courts found to be indicative of ATDS use (*e.g.*, "generic" content, "spoofed" numbers, and "dead air"), none of which Plaintiff alleges here. *See, e.g., Keim v. ADF Midatlantic*, 2015 WL 11713593, at *4 (S.D. Fla. Nov. 10, 2015); *Smith v. Royal Bahama*, 2016 WL 232425, at *1, 4 (N.D. Ill. Jan. 20, 2016); *Zeidl v. Nat'l Gas & Electric*, 2019 WL 2161546, at *1, 3 (N.D. Ill. May 17, 2019); *Scott v. 360 Mortgage Grp.*, 2017 U.S. Dist. LEXIS 207513, at *17 (S.D. Fla. Dec. 14, 2017).  Moreover, as noted above, the district court ***dismissed*** the complaint in *Johansen*, holding that "[u]se of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts" but "when a fact is itself an element of the claim, … it is not sufficient to recite that fact verbatim without other supporting details," like what Plaintiff did in this case.  2012 WL 6590551, at *3.

Finally, Plaintiff's suggestion that she "should be permitted to proceed in discovery regarding the dialing system used" to plead a plausible TCPA (or any) claim (Opp. at 2) should be rejected as out of hand.  As one judge aptly noted:

> As master of [her] Complaint, it is [Plaintiff]'s burden to state the facts within [her] knowledge that, taken as true, constitute a violation or violations of law. [She] possesses knowledge as to each and every telephone call [she] [allegedly] received from [CHW] and is perfectly capable of pleading facts to indicate … that those calls violated the TCPA.  As [she] failed to plead these facts, [her] Complaint must be dismissed pursuant to Rule 12(b)(6).

*Hyatt v. J.B. Hunt Transp. Servs., Inc*., 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015).  In other words, "Plaintiff's attempt to reverse the logical sequence in litigation—claim first, discovery later—is unavailing."  *Belik v. Carlson Travel Grp.,* 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).  This Court should rule similarly.

## IV. <u>Plaintiff Has Not Met Her Burden to Plead Article III Standing.</u>

Plaintiff only argues that the one call she allegedly received satisfies the "injury-in-fact" element for Article III standing.  *See* Opp. at 9-13.  Yet, Plaintiff's Opposition ignores that the Complaint is subject to dismissal under Rule 12(b)(1) for failing to meet ***all three*** of the requisite elements of Article III standing: injury-in-fact, causation, and redressability.  *See* Motion at 18-21.  Again, by not addressing all of CHW's arguments in this regard, Plaintiff has conceded that her Complaint should be dismissed on this basis, as well.  *See* discussion at p. 5 & fn. 4, *supra*.

Further, Plaintiff's suggestion that the Eleventh Circuit's decision in *Cordoba v. DIRECTV* somehow negates its prior holding in *Salcedo v. Hanna* on the "injury-in-fact" element (Opp. at 12) is misplaced.  In *Cordoba*, the Court merely held "[t]he receipt of ***more than one*** unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing."  942 F.3d 1259, 1270 (11th Cir. 2019) (emphasis added).  *See also Glasser v. Hilton Grand Vacations Co.,* 2020 WL

415811, at *2 (11th Cir. Jan. 27, 2020) (same).[8] Thus, the reasoning in *Salcedo* controls where, as here, the claim involves only a single call. *See* Motion at 18-19.

## V.  Plaintiff Fails to Refute the Basis for CHW's Alternative Motion to Strike.

Lastly, Plaintiff's attempt to refute the basis for CHW's alternative motion to strike Plaintiff's class allegations (*see* Opp. at 13-19) also fails for several reasons:

First, contrary to what Plaintiff implies, courts in the Eleventh Circuit and elsewhere routinely strike class allegations at the pleadings stage where, as here, the proposed class is facially uncertifiable in a manner that discovery cannot cure. *See, e.g.,* Motion at 6-7 (citing *Lawson*, *MRI Assocs.*, *Earnest*).[9] Thus, any notion that CHW's motion to strike is somehow premature at this stage of the case is misplaced.

Second, while Plaintiff's Opposition focuses exclusively on the consent issue, it does not address CHW's argument that whether the calls made to the putative class members were made using an impermissible ATDS is not a common question that can be resolved by generalized proof across the class in one adjudication. *See* Motion at 24.  It also does not deny that, as currently plead, Plaintiff's proposed

---

[8] This Court's ruling in *Abante* (Opp. at 12-13) is distinguishable, as it pre-dates *Salcedo* and *Cordoba*, the latter of which interpreted the Supreme Court's watershed ruling in *Spokeo v. Robbins* for the first time in the TCPA context. *See* Dkt. 16 at 6.

[9] *See also Lumpkin v. E.I. Du Pont De Nemours & Co.,* 161 F.R.D. 480, 482 (M.D. Ga. 1995); *Goff v. LaSalle Bank, N.A.,* 2009 WL 10688475, at *3–6 (N.D. Ala. Sept. 16, 2009); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.,* 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012).

class definition is facially overbroad because it does not exclude persons who consented to be called and thus for whom there would be no TCPA liability against CHW as a matter of law. *Id*. at 21-22 (citing *Licari*). Again, by not addressing these arguments, Plaintiff has conceded them. *See* discussion at p. 5 & fn. 4, *supra*.

Third, while Plaintiff posits that consent is a common issue here because the "[t]he calls did not arise out of varied interactions and relationships between Defendant and the called parties" (Opp. at 18), she ignores that her proposed class definition is based on calls allegedly made by CHW ***and/or countless third parties*** "acting on [CHW's] behalf" (Compl. ¶ 43) and, as such, the circumstances which consent was provided by the class or obtained by the callers will naturally vary. In such cases, courts have not only consistently denied class certification but have also stricken class allegations at the pleadings stage on the grounds that individualized consent inquires would predominate. *See* Motion at 24-25 (citing various cases).

## VI. Conclusion

For all the reasons above and in the Motion, the Court should dismiss the Complaint with prejudice[10] or, alternatively, strike Plaintiff's faulty class allegations.

---

[10] Plaintiff's Opposition fails to address CHW's request for a dismissal with prejudice (*see* Motion at 25, fn. 9) and, thus, has conceded this argument as well.

Dated: February 7, 2020                    Respectfully submitted,

                                           By: /s/ A. Paul Heeringa

                                               A. Paul Heeringa, Esq.
                                               Admitted *Pro Hac Vice*
                                               MANATT, PHELPS & PHILLIPS LLP
                                               151 N. Franklin Street, Suite 2600
                                               Chicago, IL  60606
                                               Telephone: (312) 529-6308
                                               Email: pheeringa@manatt.com

                                               Luke P. Donohue, Esq.
                                               Georgia Bar No. 193361
                                               OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.
                                               191 Peachtree Street, N.E.
                                               Suite 4800
                                               Atlanta, Georgia 30303
                                               Telephone: 404.881.1300
                                               Fax: 404.870.1732
                                               Email:
                                               luke.donohue@ogletreedeakins.com

                                               *Attorneys for Defendant CHW Group,*
                                               *Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1.D, I certify that the foregoing document as well as the opening brief (Dkt. 7) have been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.


/s/ A. Paul Heeringa
A. Paul Heeringa


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed and served on all counsel of record in the above captioned matter on February 7, 2020 via the Court's CM/ECF filing service.

/s/ A. Paul Heeringa
A. Paul Heeringa