IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YVETTE GRIFFIN, individually and on behalf of others similarly situated, | : : : | CIVIL ACTION FILE NO. 1:19-cv-05561-AT |
| Plaintiff, | : : | |
| v. | : : | **CLASS ACTION** |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, | : : : | |
| Defendant. | : : / | |

**CONSENT PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

Upon agreement and motion of Plaintiff Yvette Griffin ("Plaintiff") and Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("Defendant") (collectively, "the parties"), and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), the Court hereby enters this Consent Order for the purpose of expediting the flow of discovery material, facilitating the prompt resolution of disputes over the confidentiality of information, adequately protecting material entitled to be kept confidential, and ensuring that protection is afforded to material so entitled.

IT IS THEREFORE ORDERED as follows:

1

## A. Definition of Confidential Information or Documents

"Confidential Information" or "Documents," as used in this Order, means any information and documentation that is held by a party as confidential or proprietary and relates to one's business or customers or private medical, financial, or other confidential information, the public dissemination of which could cause a financial or other hardship for the producer or place the producer in a competitive disadvantage, which is supplied by a party to an opposing party or their counsel during discovery in response to a discovery request or is revealed during a deposition and falls within a category described below. The term "Confidential Information" shall not include (1) information which at or prior to disclosure thereof in this action is or was publicly accessible or in the public domain or which, after disclosure thereof, becomes public without action on their part; and (2) information which was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosure prior to this action. For purposes of this Order, the following categories of documents are understood by the parties to be "Confidential":

1. Confidential or Proprietary Business records, in any form, including but not limited to, pricing information, proprietary procedures, sales and marketing information, designs, formulas, customer names and contact information,

information setting forth business plans that constitute proprietary information or trade secrets, net and gross revenue, profit and loss statements, earnings statements, accounts receivable/payable statements, and corporate policies.

2. Any human resources or personnel information (including personally identifying information) concerning Defendant's current or former employees, officers, directors, and owners, or any individuals with whom Defendant contracted as an independent contractor, including, but not limited to: home addresses, telephone numbers, Social Security numbers, and dates of birth; health records; medical and other leave requests; wages earned and benefits received; documents labeled as proprietary or as restricted as to outside use.

3. Medical, financial and other personal records, including personally identifying information (e.g., home addresses, telephone numbers, Social Security numbers, and dates of birth), of Plaintiff or any putative class members, including any such information which is exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other state or federal law.

Documents not specifically covered by these categories may be stamped and thereby designated as "Confidential" upon production where a party believes in good faith that the document contains confidential or proprietary information. The

3

presence of this stamp or mark on a particular document shall signify that the designating party holds the opinion in good faith that the document is legitimately confidential or proprietary and merits protection from disclosure under this Order. The absence of such a designation does not necessarily preclude a document from being subject to this Consent Protective Order.

For purposes of this Order, the term "document" includes all written, recorded, computerized or graphic material, including interrogatory answers and deposition testimony, produced or created by a party, including its experts, consultants or outside vendors. An entire document production, or any portion thereof, may be designated confidential on an interim basis to expedite discovery, in which case the producing party will have twenty (20) days after entry of this Order or from production, whichever is later, to identify the documents as to which confidentiality is asserted and the receiving party shall affix a stamp designating the document as confidential. Counsel for a party claiming confidentiality at a deposition or proceeding may designate the information as confidential by making a statement on the record, or by having the court reporter label the information appropriately, or within ten (10) business days after receipt of a transcript or ten (10) days after entry of this Order, whichever is later, by informing opposing counsel in writing of the confidential designation. Similarly, counsel for a party may designate

4

documents produced by a non-party as confidential within ten (10) business days after receipt of the production by informing opposing counsel in writing of the confidential designation.

**B.     Qualified Persons with Access to Confidential Information**

1. "Confidential Information" or "Documents" and the contents of confidential information shall be maintained confidentially by outside counsel and shall not be shown to, given to, discussed with or otherwise disclosed to any person other than "Qualified Persons," as defined herein.

2. The term "Qualified Persons" as used herein, means:

   a. Counsel for the parties in this action;

   b. The parties, including all agents thereof to the extent such agents have a bona fide need related to this litigation to have access to such Information or Documents;

   c. Employees or agents of outside counsel for the parties in this litigation to the extent reasonably necessary to render professional services in the litigation (hereafter "employees");

   d. Consultants and experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for trial or

settlement, and the employees or agents for these consultants and experts (hereafter "experts");

   e. The authors, addressees or originators of the "Confidential Information;"

   f. The Court, court personnel and stenographic reporters at depositions taken, or transcribing other proceedings, in this action; and

   g. Other persons noticed for deposition or designated as witnesses for trial or any other hearing or proceeding in this litigation (hereafter "witnesses") with a need to know confidential information.

  3. The parties' respective counsel and their employees agree to respect the rights of privacy of persons not named as parties to this action, to the extent consistent with the need to show, reveal, or disclose "Confidential Information" or "Documents", when showing, revealing or disclosing "Confidential Information" to "witnesses."

  **C. Restrictions on the Use and Disclosure of Confidential Information to Qualified Persons**

  1. If an attorney desires to give, show, make available, or communicate properly designated Confidential Information by an opposing party to any "experts" or "witnesses" (other than in the course of a deposition, hearing, or trial) each person to whom the matter is to be given, shown, made available, or communicated, must

6

agree in writing in the form attached hereto as Exhibit A not to disclose to anyone who is not a Qualified Person any of the information set forth or contained in the material received and to be bound by the terms of this Order. An executed copy of Exhibit A from each such individual shall be maintained by the attorney who obtained them.

2. Pursuant to this Order, the attorney of record for the parties' respective counsel, their employees and agents, and the Parties also agree to be bound by the terms of this Order; no further written consent is required of them.

3. Persons obtaining access to or knowledge of items designated as "Confidential" shall use the information solely for preparation for or conduct of deposition, trial, settlement, or post-trial proceedings related to this action and shall not use such information for any other purpose, including personal, business, governmental, commercial, or other administrative or judicial proceedings or engage in any activity or action where knowledge of the confidential information could be prejudicial to the parties.

4. No copies of documents, testimony, or other information designated as "Confidential" shall be received, kept, or maintained by individuals other than the Qualified Persons listed above.

5.  If an attorney wishes to file with the Court any document containing "Confidential Information," or any pleading, brief or attachment thereto that quotes "Confidential Information," the attorney shall first give such notice thereof as is reasonable under the circumstances to opposing counsel. The parties shall then, prior to any such filing, make reasonable, good faith efforts to reach an agreement, if necessary, to protect Confidential Information from disclosure to persons other than Qualified Persons.

**Parties wishing any document filed as part of the record under seal must follow the rules and procedures set forth in Appendix H to the Court's Local Rules, as directed by the Scheduling Order issued in this case**. [Doc. 04].

6.  In the event an attorney seeks to show any documents or other information denominated as "Confidential" to any category of persons other than those described in Section B(2), above, as "Qualified Persons," that attorney shall first advise opposing counsel and seek to reach an informal resolution of or agreement on this matter. In the event that agreement or resolution cannot be reached, the attorney seeking to show the "Confidential Information" to anyone other than a "Qualified Person" shall apply to the Court for relief from this Order. In the event attorneys for the parties to this litigation agree that the "Confidential

8

Information" may be disclosed to anyone other than a "Qualified Person," that person shall sign the Disclosure Agreement set forth in Exhibit A.

### D.   No Admission or Waiver

The parties' consent to this Order shall not be construed as a waiver of any privilege or objection any party may have as to the discoverability of any information, material or document, except that the parties agree that they shall not object to producing or withhold or redact information solely on the basis that it is confidential (if it is covered under the provisions of this Order), with the exception of documents to which the attorney client, attorney work product, or other applicable communicative privileges recognized by the Federal Rules of Evidence, and it shall not be construed as a waiver of any party's right to move to compel any information, material or document.

The inadvertent disclosure of any document, communication or other material protected from disclosure and discovery by the attorney-client privilege, the attorney work product doctrine, or other judicially recognized protections or privileges or which are otherwise not subject to discovery under applicable law, regulation, or the Federal Rules of Civil Procedure shall not be deemed to be a waiver of the applicable protections or privileges as to either: (i) the document, communication or materials disclosed, or (ii) other protected or privileged documents, communications or

materials relating to or concerning the same subject matter. Any documents inadvertently produced, and all copies and records thereof, shall be immediately returned to the producing party.

E.     **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. Likewise, nothing in this Order shall prevent any party or other person from moving to compel production of any document or information pursuant to Fed. R. Civ. P. 37. Finally, the parties may make exceptions, modifications, or additions to this Order by written agreement so long as all parties, either personally or through their counsel, sign the written agreement.

F.     **Clawback Agreement**

1.     The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product

doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2.     To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

### G.     Jurisdiction and Return of Documents

This Order shall survive the final termination of this action and the Court shall retain jurisdiction for sixty (60) days to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Court's jurisdiction over this case, counsel for the parties shall assemble and return or destroy within sixty (60) days all confidential information and all copies of same. The parties' counsel shall make certification of compliance herewith and shall deliver the same to the parties' counsel within ninety (90) days of termination of this Court's jurisdiction over this case, except that nothing in this paragraph shall preclude the parties' counsel from maintaining copies of materials which in the good faith judgment of counsel must be maintained for purposes of responding to a client in this case

regarding matters in this case or defending against malpractice claims. If counsel for parties cannot agree regarding the continued maintenance of the materials by counsel for Plaintiff, then the Court will resolve the issue.

H.     **Challenging Confidentiality Designations**

1.     Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after receipt of the original designation.

2.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. An email from Challenging Party constitutes written notice under this paragraph. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) days of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

12

if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3. Consistent with the Local Rules, if the dispute over the challenged confidentiality designations cannot be resolved despite the parties' sincere efforts, the parties shall contact the Court to schedule a telephonic conference. The Designating Party shall bear the burden of establishing the right to a protective order with respect to any challenged materials.

### I. Protected Material Subpoenaed or Ordered to be Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must: (a) promptly notify in writing the Designating Party, including therein a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective order, including therein a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

13

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

### J.     Non-Parties' Protected Material

The terms of this Order are applicable to information produced by a Non-Party to this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or voluntarily submitting to the Court's jurisdiction.

\* \* \* \* \*

SO ORDERED, THIS __30th__ DAY OF __July__ 2020.

_____
HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

So stipulated and agreed this 17th day of July, 2020 by the unsigned counsel for the parties:

/s/ Anthony I. Paronich*                    /s/ A. Paul Heeringa

Anthony I. Paronich (*pro hac vice*)         John W. McGuinness, Esq. (*Pro Hac Vice* to be submitted)
PARONICH LAW, P.C.                          A. Paul Heeringa, Esq.
350 Lincoln Street, Ste 2400                Admitted *Pro Hac Vice*
Hingham. MA 02043                           MANATT, PHELPS & PHILLIPS LLP
Tel: 508-221-1510                           151 N. Franklin Street, Suite 2600
Email: anthony@paronichlaw.com              Chicago, IL  60606
                                            Telephone: (312) 529-6308
Steve H. Koval                              Email: pheeringa@manatt.com
Georgia Bar No. 428905                            jmcguinness@manatt.com
THE KOVAL FIRM, LLC
3575 Piedmont Road                          Luke P. Donohue, Esq.
15 Piedmont Center, Suite 120               Georgia Bar No. 193361
Atlanta, GA 30305                           OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Tel: 404-513-6651                           191 Peachtree Street, N.E.
Email: shkoval@aol.com                      Suite 4800
                                            Atlanta, Georgia 30303
*Attorneys for Plaintiff*                   Telephone: 404.881.1300
                                            Fax: 404.870.1732
*with express permission                    Email: luke.donohue@ogletreedeakins.com

                                            *Attorneys for Defendant CHW Group, Inc.*

15

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| YVETTE GRIFFIN, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHW GROUP, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION FILE NO. 1:19-cv-05561-AT<br><br><br><br>**CLASS ACTION** |

## STATEMENT OF CONFIDENTIALITY

     By signing this document, I hereby acknowledge that I am about to or have received Confidential Information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Consent Protective Order in the above-captioned case. I have been given a copy of and have read this Order and agree to be bound by its terms. I agree to submit to the jurisdiction of the Court for the sole purpose of having the terms of this Order enforced.

_____Signature

_____Name (Print)

_____Date

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically and served on all counsel of record in the above-captioned matter on July 17, 2020 via the Court's CM/ECF filing system/service.

/s/ A. Paul Heeringa
A. Paul Heeringa